1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BYRON BOYD,

                    Plaintiff,

          v.

UNITED TRANSPORTATION UNION
INSURANCE ASSOCIATION, et al.,

                    Defendants.

CASE NO. C05-1413JLR

ORDER

The court has received Defendants' motion for reconsideration (Dkt. # 35) of the court's prior order dated March 7, 2006 (Dkt. # 30).  The court has reviewed the motion and DENIES it to the extent that it requests reconsideration of the court's ruling; the court, however, clarifies its prior ruling as follows.

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.

In their motion for reconsideration, Defendants contend that the court committed a factual error when it made the following statement: "the Committee necessarily found

ORDER – 1

that Mr. Boyd was disabled and working, free of crime, for a period of at least seven months before his termination." Order at 7. Defendants argue that Mr. Boyd was not, in fact, free of crime during any period leading up to and including his termination because, as of March 2004, he continued to hold illegal proceeds from the funds he embezzled. According to Defendants, Mr. Boyd's forfeiture of $100,000 as a condition of his plea agreement is proof that Mr. Boyd had committed the crime of possessing stolen property, given that the funds represented racketeering proceeds. From here, Defendants argue that – even when construing the more favorable ERISA document to Mr. Boyd's claim (the SPD) under a de novo standard of review[1] – the court must conclude that Mr. Boyd was at all relevant times engaged in criminal activity so as to preclude disability benefits.

As an initial matter, the court is not persuaded that Mr. Boyd's payment of a $100,000 judgment constitutes a separate "willful criminal enterprise" that Mr. Boyd was somehow engaged in through the date of his plea. Perhaps more importantly, the court notes that what underlies Defendants' argument is an assertion that the language in the SPD requires a temporal rather than causal relationship between Mr. Boyd's criminal activity and the existence of his disability. The court clarifies that it did not reach this determination in its prior order. Indeed, factual issues prevented such a ruling. For example, on the record before the court, it is unclear *when* Mr. Boyd's disability arose relative to the start and end points of the criminal activity – a necessary determination under *either* a temporal or causal reading of the SPD language. Without more, the court declines to reconsider its prior ruling in which it denied Defendants' motion to dismiss.

---

[1]The court reiterates that it cannot make any determination as to the appropriate standard of review given that Mr. Boyd has alleged a conflict of interest. Order at 9.

ORDER – 2

1        For the reasons stated above, the court DENIES Defendants' motion for

2  reconsideration (Dkt. # 35).

3        Dated this 4th day of April, 2006.

4

5

6                   JAMES L. ROBART
                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 3